**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

BANKFIRST, a South Dakota state bank,

Plaintiff,

vs.

BARCLAYS CAPITAL, INC., a corporation, NEUBERGER BERMAN LLC, a limited liability company, and RIDGE CLEARING & OUTSOURCING SOLUTIONS, INC., a corporation,

Defendants.

Civil Action No. ________________

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the above-captioned Plaintiff, BankFirst ("BankFirst"), a South Dakota state bank, by and through its counsel Faegre & Benson LLP, for its Complaint against Defendants Barclays Capital Inc., ("Barclays"), Neuberger Berman LLC ("Neuberger"), and Ridge Clearing & Outsourcing Solutions, Inc., ("Ridge"), and in support thereof, alleges as follows:

## INTRODUCTION

1. This is an action for specific performance and money damages for breach of an Amended and Restated Pledged Collateral Account Control Agreement ("Control Agreement"), for tortious interference with the Control Agreement, and for conversion of the Control Agreement assets. The dispute arises from the financing of a condominium project. As part of the financing for the project, BankFirst, Lehman Brothers, Inc. ("Lehman Brothers") and Skatter Investments LLC ("Skatter"), a company owned by the developer, entered into the Control Agreement. The Control Agreement was designed to provide BankFirst with readily-obtainable collateral for the repayment of the loan made by BankFirst should the borrower default on the

loan. In order to accomplish that purpose, the Control Agreement provided that once BankFirst delivered to Lehman Brothers, as Intermediary, a Notice of Exclusive Control and an entitlement order, Lehman Brothers was obligated to release the pledged securities to BankFirst: "Intermediary shall comply with all entitlement orders received from Secured Party (without further consent from Pledgor) concerning the Account."

Barclays succeeded Lehman Brothers as Intermediary under the Control Agreement upon the purchase of Lehman Brothers assets. Neuberger is investment advisor to the pledged collateral account. Ridge is the custodian of the pledged securities in the pledged collateral account. Pursuant to the terms of the Control Agreement following a default under its loan, BankFirst ordered Barclays and Neuberger to liquidate the securities in the pledged collateral account and transfer the proceeds to BankFirst. Barclays and Neuberger refused to comply with these orders, and Ridge retains possession of the pledged securities, in direct contradiction to the terms of the letter and spirit of the Control Agreement. The actions of Barclays, Neuberger, and Ridge have caused great damage to BankFirst, depriving it of the liquid collateral upon which it agreed to make its loan.

## PARTIES

2. Plaintiff BankFirst is a bank formed under the laws of the State of South Dakota, with a principal place of business in Minneapolis, Minnesota.

3. Defendant Barclays is a corporation formed under the laws of Connecticut, with its principal place of business in New York, New York. Barclays is successor to Lehman Brothers on certain obligations in this matter.

4. Defendant Neuberger is a limited liability company formed under the laws of Delaware, and upon information and belief has a principal place of business in New York, New York.

5. Defendant Ridge is a corporation formed under the laws of New York, with its principal place of business in Jersey City, New Jersey.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over the claims at issue because this is an action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different States.

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(a), because Barclays, the successor to Lehman Brothers, and Neuberger and Ridge are subject to personal jurisdiction in this district.

## THE COMMITMENT LETTER, LOAN AGREEMENT AND SECURITY AGREEMENT

8. Regalia LLC ("Regalia") is a Florida limited liability company that acquired a parcel of real estate in Sunny Isles Florida, approximately 1 ¼ acres on the ocean, to build a luxury condominium tower. Regalia borrowed a total of $28,175,000 from BankFirst to refinance the original acquisition loan, for predevelopment work, and for an interest reserve (the "Loan").

9. On June 30, 2006, Avra Jain, the developer ("Jain"), and BankFirst entered into a Third Party Security Agreement to provide BankFirst additional collateral to secure its loan to the Borrower.

10. The Security Agreement (as amended and restated) states that, to secure payment of the obligations under the Loan Agreement, Jain would grant BankFirst a security interest in,

and assign to BankFirst, the securities held in a specific account at Lehman Brothers. Barclays is the successor to Lehman Brothers. Neuberger is the investment advisor to this account. Ridge is the current custodian of the pledged securities. Together, Barclays, Neuberger, and Ridge control the account.

**THE PLEDGED COLLATERAL ACCOUNT CONTROL AGREEMENT**

11. On February 21, 2007, Skatter as account holder signed a Second Amended and Restated Third Party Security Agreement ("Amended Security Agreement"), which corrected the description of the account holder that had been stated incorrectly in the original Third Party Security Agreement. The Amended Security Agreement recited the previous third party security agreements that Jain had signed. A true and correct copy of the Amended Security Agreement is attached hereto as Exhibit A. In connection with the February 21, 2007 substitution of Skatter on the Security Agreement, Skatter also signed an Amended and Restated Pledged Collateral Account Control Agreement. This Agreement recited the June 30, 2006 Pledged Collateral Account Control Agreement. A true and correct copy of the Amended and Restated Pledged Collateral Account Control Agreement is attached hereto as Exhibit B.

12. The Control Agreement gives Barclays (as the successor Intermediary) notice that by separate agreement, the Pledgor granted the Secured Party a security interest in account number 587-00025-377 (the "Account") and the pledged securities in the Account. (Ex. B, Paragraph 1).

13. The Control Agreement contains a clause that requires Barclays to obey any orders from BankFirst after BankFirst provides a Notice of Exclusive Control:

> After receipt of a Notice of Exclusive Control, Intermediary shall not honor any entitlement orders from Pledgor or any other person or secured party, nor shall Intermediary distribute to Pledgor or any other person or secured party any securities or other property . . . in the Account.

> *Intermediary shall comply with all entitlement orders received from Secured Party (without further consent from Pledgor) concerning the Account.*

(Ex. B, Paragraph 2 (emphasis added).)

14. The Control Agreement further provides that, after receiving the Notice of Exclusive Control, Barclays, as the successor Intermediary, had no further duty to investigate the underlying facts:

> Intermediary shall be fully protected in acting or refraining from acting in accordance with commercially reasonable business practices and in good faith on any written notice, instruction or request purportedly furnished to it by Secured Party in accordance with the terms hereof, in which case the parties hereto agree that *Intermediary has no duty to make any further inquiry whatsoever.*

(Ex. B, Paragraph 4 (emphasis added).)

15. BankFirst declared the Loan to be in default on November 24, 2008, due to Regalia's failure to make principal and interest payments. Additionally, an appraisal of the property reflected a loan-to-value ratio that exceeded the acceptable values provided in the Covenants of the parties' Loan Agreements.

**BARCLAYS BREACHES AND NEUBERGER AND RIDGE INTERFERE WITH THE CONTROL AGREEMENT**

16. By letter dated November 24, 2008, BankFirst gave a written Notice of Exclusive Control to Barclays and Neuberger. A true and correct copy of the Notice of Exclusive Control is attached hereto as Exhibit C.

17. BankFirst repeatedly requested, demanded and ordered Barclays to release the pledged securities to BankFirst.

18. Barclays failed and refused to comply with or respond to BankFirst's requests, demands and orders for exclusive control of the pledged securities. In March 2009, representatives of BankFirst and Barclays discussed BankFirst's repeated requests and demands

for the release of the pledged securities pursuant to the Control Agreement and Barclays again refused to release the pledged securities, despite the delivery of the Notice of Exclusive Control. Further, with full knowledge, representatives of Neuberger refused to comply with BankFirst's demands and advised and counseled Barclays not to comply with BankFirst's requests, demands, and orders to release the pledged securities, and refused to direct Ridge to release the pledged securities, thereby tortiously interfering with BankFirst's rights under the Control Agreement. In addition, Ridge as the current custodian of the pledged securities failed and refused to release the pledged securities, thereby tortiously interfering with BankFirst's rights under the Control Agreement.

19. On March 19, 2009, by letter to Barclays and Neuberger, BankFirst's counsel renewed BankFirst's requests and demands for the pledged securities. Neither Barclays or Neuberger has responded. A true and correct copy of the March 19, 2009 letter is attached hereto as Exhibit D.

20. BankFirst has performed any and all conditions, covenants and obligations incumbent on it under the Control Agreement.

21. Barclays is obligated under the Control Agreement to transfer to BankFirst the pledged securities, which are valued at $3,550,000. Its refusal to do so is a breach of the Control Agreement. Neuberger's refusal to direct Ridge to deliver the pledged securities to BankFirst and Ridge's retention of the pledged securities constitutes tortious interference with BankFirst's rights under the Control Agreement.

**COUNT I**

**(Breach of Contract Against Barclays)**

22. BankFirst hereby incorporates by reference Paragraphs 1 through 21 as if fully set forth herein.

23. Pursuant to the Control Agreement, as successor to Lehman Brothers, Barclays agreed to comply with all entitlement orders received from BankFirst concerning the Account.

24. BankFirst gave Barclay's a Notice of Exclusive Control. BankFirst requested and demanded the release of the pledged securities and delivered an entitlement order directing Barclays to deliver the pledged securities to BankFirst's counsel.

25. Barclays refuses to comply with BankFirst's Notice of Exclusive Control, requests, demands and entitlement orders.

26. Barclays failed and refused, despite BankFirst's requests, demands and entitlement orders, to remedy its material breach of the Control Agreement.

27. Barclays' failure and refusal to comply with BankFirst's Notice of Exclusive Control, requests, demands and entitlement orders constitutes a material breach of the Control Agreement.

28. BankFirst is entitled to specific performance of the Control Agreement, and Barclays should be required to immediately release of the pledged securities, which have been valued at $3,550,000.

29. In the alternative, BankFirst hereby demands money damages in the amount of at least $3,550,000 for Barclay's breach of contract.

**COUNT II**

**(Tortious Interference With Contract Against Neuberger and Ridge)**

30. BankFirst hereby incorporates by reference Paragraphs 1 through 29 as if fully set forth herein.

31. BankFirst had a Control Agreement with Barclays as successor Intermediary whereby Barclays agreed to comply with all entitlement orders received from BankFirst concerning the Account after BankFirst sent a Notice of Exclusive Control. Neuberger is the investment advisor to the account. Ridge is the custodian of the pledged securities.

32. Neuberger has informed BankFirst that it is responsible for directing the release of the pledged securities under the Control Agreement. Additionally, as the custodian of the pledged securities, Ridge had knowledge of the contract between BankFirst and Barclays.

33. Neuberger and Ridge refused to comply with BankFirst's requests, demands and entitlement order, and further advised Barclays to refuse to comply. Neuberger intentionally procured the breach of the contract by refusing to comply with BankFirst's demands for release of the pledged securities and by advising against compliance.

34. Neuberger's advice to Barclays and their refusal to direct the release of the pledged securities is unjustified and unreasonable. Ridge's retention of the pledged securities is unjustified and unreasonable.

35. As a direct result of Neuberger's and Ridge's tortious interference with the Control Agreement, BankFirst is entitled to damages in the amount of at least $3,550.000.

**COUNT III**

**(Conversion Against Barclays, Neuberger and Ridge)**

36. BankFirst hereby incorporates by reference Paragraphs 1 through 35 as if fully set forth herein.

37. Under the terms of the Control Agreement, BankFirst is entitled to the pledged securities. BankFirst gave a Notice of Exclusive Control, made repeated requests and demands for the release of the pledged securities, and sent a written entitlement order to renew BankFirst's requests and demands for the pledged securities.

38. Barclays and Neuberger willfully interfered with BankFirst's property by failing to deliver the pledged securities. Ridge has retained the pledged securities due and owing to BankFirst under the Control Agreement without lawful justification.

39. The pledged securities controlled and retained by Barclays, Neuberger and Ridge belong to BankFirst. By retaining possession and control and failing to release the pledged securities, Barclays, Neuberger and Ridge stole, converted, and misappropriated BankFirst's assets and monies and deprived BankFirst of use and possession of funds to which BankFirst has an entitlement to possess.

40. As a direct and proximate result thereof, BankFirst is entitled to damages in the amount of at least $3,550,000.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial as to all issues triable by a jury.

**WHEREFORE**, BankFirst prays for judgment in its favor awarding the following relief:

(a) Granting BankFirst specific performance of the Control Agreement or, in the alternative, damages in the amount of at least $3,550,000 from Barclays;

(b) Awarding damages in the amount of at least $3,550,000 against Neuberger;

(c) Awarding damages in the amount of at least $3,550,000 against Ridge or the release of the securities;

(d) Awarding BankFirst its costs, disbursements and attorneys' fees incurred in the prosecution of this action, and

(e) Granting BankFirst such other and further relief as the Court deems proper.

Dated: March 20, 2009

FAEGRE & BENSON LLP

Jerome A. Miranowski, #125593
Edward T. Wahl, #15409X
Amber N. Bowman, #0388867
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Facsimile: (612)766-1600

**Attorneys for Plaintiff**
**BankFirst, a South Dakota state bank**

fb.us.3780821.08