# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| BANKFIRST, a South Dakota state bank,<br><br>Plaintiff,<br>vs.<br><br>BARCLAYS CAPITAL, INC., a corporation, NEUBERGER BERMAN LLC, a limited Liability company, and RIDGE CLEARING & OUTSOURCING SOLUTIONS, INC., a corporation,<br><br>Defendants. | Civil Action No. 09-664 (JMR/FLN)<br><br><br>**ANSWER OF<br>NEUBERGER BERMAN LLC** |

Defendant Neuberger Berman LLC (hereafter "Neuberger") for its Answer to the Complaint, states and alleges as follows:

1. Neuberger hereby denies each and every allegation of the Complaint except as hereafter stated.

2. As to Paragraph 1 of the Complaint, Neuberger lacks sufficient knowledge and information to admit or deny such allegations and denies all allegations stated as legal conclusions. Neuberger admits that it is the investment adviser with respect to certain assets that may have constituted all or part of the Pledged Collateral Account.

3. Neuberger lacks sufficient knowledge and information to admit or deny the allegations of Paragraphs 2 and 3 of the Complaint.

4. Neuberger admits Paragraph 4.

5. Neuberger lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 5 of the Complaint.

6. As to Paragraph 6, Neuberger admits the Court's subject matter jurisdiction but denies the personal jurisdiction of this Court.

- 2 -

7. As to Paragraph 7 of the Complaint, Neuberger denies that venue is proper in this judicial district.

8. Neuberger lacks sufficient knowledge and information to admit or deny the allegations of Paragraphs 8 and 9 of the Complaint.

9. As to Paragraph 10 of the Complaint, Neuberger lacks sufficient knowledge and information to admit or deny such allegations accept that Neuberger admits that it is the investment adviser with respect to certain assets that may have constituted all or part of the Collateral Account and that Defendant Ridge Clearing holds certain assets that may relate to the Collateral Account.

10. As to Paragraphs 11, 12, 13, and 14 of the Complaint, the language of the Amended Security Agreement is self evident. Therefore, no substantive pleading is required. Neuberger denies all legal conclusions contained in such Paragraphs.

11. Neuberger lacks sufficient Knowledge and information to admit or deny the allegations of Paragraph 15 of the Complaint.

12. As to Paragraph 16, Neuberger admits that it received a copy of the Notice of Exclusive Control letter dated November 24, 2008.

13. Neuberger lacks sufficient knowledge and information to admit or deny the allegations of Paragraph 17 of the Complaint.

14. As to the allegations in Paragraph 18 of the Complaint, Neuberger lacks sufficient knowledge and information with respect to those allegations pertaining to Defendant Barclays Capital, Inc. Neuberger admits that it refused to accede to the Plaintiff's demands. Neuberger denies all allegations relating to claims for interference with Plaintiff's contractual rights.

15. With respect to the allegations in Paragraph 19 of the Complaint, Neuberger admits that it received a letter from Plaintiff dated March 19, 2009 and further admits that it refused to accede to the demands made by Plaintiff in the letter.

16. As to the allegations in Paragraph 20 of the Complaint, Neuberger lacks sufficient knowledge and information to admit or deny such allegations.

17. As to the allegations in Paragraph 21 of the Complaint, Neuberger lacks sufficient knowledge and information as to those allegations pertaining to Barclays Capital, Inc. Neuberger specifically denies all allegations related to tortious interference with Plaintiff's contractual rights.

18. As to Paragraph 22 of the Complaint, Neuberger hereby restates its responses to Paragraphs 1 through 21 of the Complaint.

19. Neuberger lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraphs 23–29 of the Complaint.

20. As to Paragraph 30 of the Complaint, Neuberger hereby restates its responses to Paragraphs 1-29 of the Complaint.

21. As to Paragraph 31 of the Complaint, Neuberger admits that it is the investment adviser with respect to certain assets that may have constituted all or part of the Collateral Account. Neuberger admits that Defendant Ridge Clearing holds certain assets that may relate to the Collateral Account.

22. With respect the allegations in Paragraph 32 of the Complaint, Neuberger admits that it informed BankFirst that it is the investment adviser with respect to certain assets that may have constituted all or part of the Collateral Account, but denies the remaining allegations of this

Paragraph pertaining to Neuberger. Neuberger lacks sufficient knowledge and information to admit or deny the allegations pertaining to Defendant Ridge Clearing.

23. As to the allegations in Paragraph 33 of the Complaint, Neuberger admits that it refused to accede to Bank First's demands. Neuberger denies all allegations pertaining to procurement of breach of contract or any other assertions of liability as to Neuberger in this Paragraph.

24. Neuberger denies the allegations contained in Paragraphs 34 and 35 of the Complaint.

25. As to Paragraph 36 of the Complaint, Neuberger hereby restates its responses to Paragraphs 1-35 of the Complaint.

26. As to the allegations in Paragraph 37 of the Complaint, Neuberger denies that BankFirst is entitled to the pledged Securities. Neuberger further admits that BankFirst issued letters and made requests all of which have been rejected by Neuberger with justification.

27. Neuberger denies the allegations of Paragraphs 38-40 of the complaint.

## **AFFIRMATIVE DEFENSES**

28. The Complaint fails to state a claim as to which relief can be granted as to Defendant Neuberger Berman LLC.

29. Neuberger asserts that this court lacks personal jurisdiction over Neuberger Berman LLC. Further, Neuberger denies that this court is the proper venue for the trial of this action.

WHEREFORE, Defendant Neuberger Berman, LLC hereby requests that the court dismiss the Complaint with Prejudice and award Neuberger Berman its reasonably incurred costs and disbursements.

                                               MESSERLI & KRAMER, P.A.

Dated: May 13, 2009                            s/George R.Serdar
                                               George R. Serdar (#99259)
                                               1400 Fifth Street Towers
                                               100 South Fifth Street
                                               Minneapolis, MN 55402-4218
                                               Telephone: (612) 672-3600

                                               And

                                               STROOCK, STROOCK & LAVAN


                                               _____
                                               Robert Wright
                                               200 South Biscayne Boulevard
                                               Miami, FL 33131-2385
                                               Telephone: (305) 358-9900

                                               ATTORNEYS FOR DEFENDANT
                                               NEUBERGER BERMAN LLC


### ACKNOWLEDGMENT

      Pursuant to Minnesota Statute Section 549.211, Subd. 1 (1997), the Defendants hereby acknowledge that costs, disbursements, and reasonable attorney's fees and witness fees may be awarded to the opposing party or parties pursuant to Minnesota Statute Section 549.211.

Dated: May 13, 2009                            s/George R. Serdar
                                               George R. Serdar (#99259)

762480.1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BANKFIRST, a South Dakota state bank,<br><br>Plaintiff,<br><br>vs.<br><br>BARCLAYS CAPITAL, INC., a corporation, NEUBERGER BERMAN LLC, a limited Liability company, and RIDGE CLEARING & OUTSOURCING SOLUTIONS, INC., a corporation,<br><br>Defendants. | Civil Action No. 09-664 (JMR/FLN)<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on May 14, 2009, I caused the foregoing document:

    Answer of Defendant Neuberger Berman LLC

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

    Amber N. Bowman
    abowman@faegre.com

    Edward T Wahl
    ewahl@faegre.com

    Jerome A. Miranowski
    jmiranowski@faegre.com

    Creighton R. Magid
    magid.chip@dorsey.com

I further certify that I caused a copy of the foregoing document and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

    None

Dated: May 14, 2009                                           s/ Lisa Robertson
                                                                                      Lisa Robertson

762495.1