UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BEAL BANK NEVADA,<br><br>                Plaintiff,<br><br>v.<br><br>BARCLAYS CAPITAL, INC., a corporation, NEUBERGER BERMAN LLC, a limited liability company, and RIDGE CLEARING & OUTSOURCING SOLUTIONS, INC., a corporation,<br><br>                Defendants. | Court File No: 09-CV-664<br><br>**BEAL BANK NEVADA'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

## **INTRODUCTION**

This is a straightforward case requiring that Neuberger Berman LLC ("Neuberger") and Ridge Clearing & Outsourcing Solutions, Inc. ("Ridge") (collectively the "Defendants") release certain Pledged Securities (the "Pledged Securities") to Beal Bank Nevada ("Beal Nevada"). The rights and obligations of the parties are governed by two unambiguous documents that mandate the release of the Pledged Securities. The documents outlining the rights and obligations at issue in this dispute include a Second Amended and Restated Third Party Security Agreement (the "Security Agreement") and an Amended and Restated Pledged Collateral Account Control Agreement (the "Control

1

Agreement") (collectively the Security Agreement and the Control Agreement are referred to as the "Agreements").

The origins of this dispute began with the financing of a condominium project (the "Project"). As part of financing for the Project, BankFirst, the lender, entered into the Security Agreement and Control Agreement which were designed to provide BankFirst with readily-obtainable collateral for repayment of the Loan (the "Loan") should the borrower default on the Loan. Through an Assignment of Second Amended and Restated Third Party Security Agreement and Amended and Restated Pledged Collateral Account Control Agreement (the "Assignment Agreement"), Beal Nevada is the party with all rights, title, and interest in the Agreements.[1]

The purpose and requirements of the Agreements could not be more clear. There is no dispute that Beal Nevada has a security interest in the Pledged Securities. The Control Agreement provides that once the Secured Party delivers a Notice of Exclusive Control and an entitlement order, the Pledged Securities are to be released to the Secured Party (Beal Nevada).

BankFirst delivered a Notice of Exclusive Control to the Defendants and demanded that the Pledged Securities be delivered to it. There is no dispute that the Defendants have control and custody of the Pledged Securities and have failed to comply

---

[1] Beal Nevada set forth the essential facts of its interest in this litigation in its previous Memorandum of Law in Support of Beal Nevada's Substitution of Beal Nevada as the Real Party in Interest. In addition, the parties filed a Stipulation for Beal Nevada to Be Substituted as a Plaintiff whereby the Defendants stipulated that the Federal Deposit Insurance Corporation (the "FDIC"), as receiver for BankFirst, assigned and transferred to Beal Nevada its rights, title, and interest in the Amended and Restated Pledged Collateral Account Control Agreement and the Second Amended and Restated Third Party Security Agreement. *See* Docket Entry No. 34 at ¶ 3. Beal Nevada incorporates into this memorandum the facts asserted in its Memorandum of Law in Support of its Motion for Substitution of Beal Nevada as the Real Party in Interest and the facts stipulated to in the Stipulation for Beal Nevada to Be Substituted as a Plaintiff.

with the terms of the Agreements.  This Court should grant Beal Nevada summary judgment and demand that Defendants release the Pledged Securities to Beal Nevada.

## FACTUAL BACKGROUND

This action was originally filed by BankFirst on March 20, 2009, to enforce the terms the Agreements.  The Security Agreement, as amended and restated, states that, to secure payment of the obligations under the Loan Agreement (the "Loan" or "Loan Agreement"), BankFirst is granted a security interest in, and assigned, the securities (the "Pledged Securities") held in a specific account at Lehman Brothers, Inc. ("Lehman").  *See* Affidavit of Jerome A. Miranowski (the "Miranowski Aff."), Ex. A.  The Security Agreement expressly grants the Secured Party a security interest in the Pledged Securities:

> SECURITY INTEREST.  To secure payments and performance of the Obligations, Pledgor grants Secured Party [then BankFirst, now Beal Nevada] a Security Interest (the "Security Interest") in, and assigns to Secured Party, the following property (called the "Collateral"):
>
> Pledgor's securities (Municipal Bonds) account #587-00025-377 held by Lehman Brothers
>
> together with all certificates, other instruments, chattel paper, investment property, options, rights, interest, dividends and other distributions issued as an addition to, in substitution or in exchange for, or on account of, the same, all whether now existing or hereafter arising and whether now owned or hereafter acquired by Pledgor, and all proceeds of the foregoing property, including without limitation all accounts, instruments, chattel paper, investment property, letter of credit rights, letters of credit, other rights to payment, deposit accounts, money and general intangibles related to the foregoing property.

*See* Ex. A, ¶ 2.

In addition to the Security Agreement, BankFirst also entered into an Amended and Restated Pledged Collateral Account Control Agreement (the "Control Agreement"). *See* Miranowski Aff., Ex. B.  The Pledged Securities were originally held in an account at Lehman.  Following the bankruptcy of Lehman, Neuberger Berman, LLC ("Neuberger") by former employees of Lehman, took control of the Pledged Securities.  At the direction of Neuberger, the Pledged Securities were placed in the custody of Ridge Clearing & Outsourcing Solutions, Inc. ("Ridge").  Neuberger is the investment advisor to the account.  *See* Docket Entry No. 11 at ¶ 9.  Ridge is the current custodian of the Pledged Securities.  *See* Docket Entry No. 12 at ¶ 9.

The Control Agreement gives the Intermediary notice that the Secured Party was granted a security interest in account number 587-00025-377 (the "Account") and in the Pledged Securities in the Account.  *See* Ex. B, ¶ 1.  In fact, the Control Agreement contains a clause ***requiring*** the release of the Pledged Securities after the Secured Party provides a Notice of Exclusive Control:

> After receipt of a Notice of Exclusive Control, Intermediary shall not honor any entitlement orders from Pledgor or any other person or secured party, nor shall Intermediary distribute to Pledgor or any other person or secured party any securities or other property . . . in the Account. ***Intermediary shall comply with all entitlement orders received from Secured Party (without further consent from Pledgor) concerning the account.***

*See* Ex. B, ¶ 2 (emphasis added).

BankFirst fulfilled its obligations under the Control Agreement.  On November 24, 2008, BankFirst declared the underlying Loan to be in default and gave a written

4

Notice of Exclusive Control to Barclays and Neuberger.  *See* Miranowski Aff., Ex. C.  BankFirst continued to make demands and ordered the release of the Pledged Securities under the terms of the Agreements.  On March 19, 2009, BankFirst's counsel renewed the requests and demands for the Pledged Securities by letter.  *See* Miranowski Aff., Ex. D.  BankFirst has performed all conditions and obligations required under the Agreements.  Neuberger and Ridge have failed and refused to comply with the terms of the Agreements that mandate the release of the Pledged Securities to Beal Nevada, the assignee of the rights, title, and interest in the Agreements.  Accordingly, Neuberger and Ridge are obligated to transfer to Beal Nevada the Pledged Securities, which are valued at an amount in excess of $3,550,000.

## ARGUMENT

**BEAL NEVADA IS ENTITLED TO SUMMARY JUDGMENT ON ITS CLAIM.**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "A dispute over a fact is material only if its resolution might affect the outcome of the suit under governing substantive law."  *Randall v. Lady of Am. Franchise Corp.*, 532 F. Supp.2d 1071, 1079 (D. Minn. 2007) (citation omitted).  "A dispute over a fact is genuine only if the evidence is such that a reasonable jury could return a verdict for either party."  *Id.*  "In considering a motion for summary judgment, a court must assume that the nonmoving party's evidence is true."  *Id.*

## I.     Beal Nevada Has a Security Interest in the Pledged Securities.

There is no dispute that Beal Nevada has a security interest in the Pledged Securities. Under Paragraph 2 of the Security Agreement and under the Assignment Agreement, Beal Nevada is specifically granted a security interest in the Pledged Securities. Neither Neuberger nor Ridge contest Beal Nevada's legitimate security interest in the Pledged Securities.

## II.     The Terms of the Control Agreement Mandate Release of the Pledged Securities to Beal Nevada.

The terms of the Control Agreement require the release of the Pledged Securities to Beal Nevada. Neither Neuberger nor Ridge deny that they control and possess the Pledged Securities. BankFirst, Beal Nevada's assignor, has satisfied the obligations under terms of Control Agreement by sending a Notice of Exclusive Control and a formal letter requesting release of the Pledged Securities. Under Paragraph 2 of the Control Agreement, Defendants are required to release the Pledged Securities once the Secured Party sends a Notice of Exclusive Control and an entitlement order. Because Beal Nevada has fulfilled these obligations and there is no genuine issue of material fact regarding Beal Nevada's entitlement to the Pledged Securities under the Agreements, this Court should grant Beal Nevada's motion for summary judgment and demand the release of the Pledged Securities without further delay.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Beal Nevada's motion for summary judgment on all of its claims and demand that Defendants release the Pledged Securities to Beal Nevada.

Dated: December 22, 2009                     **FAEGRE & BENSON LLP**

By:

*s/ Jerome A. Miranowski*
Jerome A. Miranowski, #125593
Edward T. Wahl, #15409X
Amber N. Bowman, #0388867
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone:  (612) 766-7000
Fax:  (612) 766-1600

**Attorneys for Plaintiff Beal Bank Nevada**

fb.us.4569906.01